# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRESS CARNEY,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF ALASKA,<br><br>　　　　　　Respondent.[1] | Case No. 3:24-cv-00024-SLG<br><br>Case No. 3:24-cv-00025-SLG |

## ORDER OF DISMISSAL

On January 18, 2024, Cress Carney, a self-represented prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241") and a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254 ("Section 2254"), which were docketed as two separate cases as indicated above.[2] Mr. Carney included an application to proceed without paying the filing fee with each petition and subsequently also filed a motion for court-appointed counsel in each case.[3] Upon review, both petitions challenge Mr. Carney's underlying conviction in the same criminal case, *State v. Carney,* Case No. 3DI-06-00612CR,[4] and will therefore be

---

[1] The proper respondent in a habeas action is the state officer who holds custody of the petitioner. For a prisoner, this is usually the prison superintendent or warden. Rule 2(a), Rules Governing Section 2254 Proceedings for the United States District Courts; *see also Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

[2] Docket 1.

[3] Dockets 2-5.

[4] The state court records reflect that Mr. Carney was also convicted of misdemeanor harassment in *State v. Carney,* Case No. 3KN-17-01427CR, but his petitions clearly indicate he is challenging his state court murder conviction.

addressed simultaneously. The Court takes judicial notice[5] of Mr. Carney's underlying criminal conviction, his subsequent state court appeals, and post-conviction relief proceedings.[6]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[7] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[8] Upon screening, it plainly appears that Mr. Carney is not entitled to habeas relief pursuant to Section 2241 or Section 2254, and his petitions must therefore be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[9] A petitioner may challenge his pretrial detention under Section 2241.[10] However, because Section 2254 is the

---

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* Fed. R. Evid. 201; *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[6] The docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[7] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[8] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[9] *Rasul,* 542 U.S. at 473.

[10] *See Stow v. Murashige,* 389 F.3d 880, 885–8 (9th Cir. 2004) (citations and quotations omitted).

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 2 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 2 of 10

exclusive means by which a state prisoner in custody pursuant to a state court judgment can challenge his sentence in federal court,[11] the petition under Section 2241 is dismissed, and the Court considers his claims under Section 2254.[12]

### I. Procedural History

Following a jury trial, Mr. Carney was convicted of first-degree murder and tampering with physical evidence.[13] The Alaska Court of Appeals affirmed his conviction on direct appeal,[14] and the Alaska Supreme Court denied his petition for a hearing.[15] Mr. Carney timely filed an application for post-conviction relief in state court, alleging that his trial attorney was ineffective.[16] The superior court dismissed Carney's first application on the pleadings, and the Alaska Court of Appeals affirmed.[17] Carney then filed a timely second application for post-conviction relief, which was also dismissed on the pleadings.[18]

---

[11] *White v. Lambert,* 370 F.3d 1002, 1009-10 (9th Cir. 2004).

[12] The Court also notes Mr. Carney indicated he is seeking to vacate his sentence under 28 U.S.C. § 2255 (Case No. 3:24-cv-00024-SLG, Docket 1 at 6) and being held on an immigration charge (Case No. 3:24-cv-00025-SLG, Docket 1 at 1). However, he has provided no factual basis to support such allegations and the remainder of the petitions indicate he is challenging the same state court conviction.

[13] Docket 1; *State v. Carney,* Case No. 3DI-06-00612CR (2011).

[14] *Carney v. State,* Case No. A–10348, 249 P.3d 308, 313 (Alaska App. 2011) (unpublished).

[15] *Carney v. State,* Case No. S-14228 (Alaska 2011).

[16] *In the Matter of: Carney, Cress vs. State of Alaska CLR,* Case No. 3DI-11-131CI (2011).

[17] *Carney v. State,* Case No. A-11905, 2017 WL 655740, at *1 (Alaska Ct. App. 2017).

[18] *In the Matter of: Carney, Cress vs. State of Alaska CLR,* Case No. 3DI-17-00030CI (2017).

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 3 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 3 of 10

Over one year after the ruling on Mr. Carney's second application became final, Carney filed a third application for post-conviction relief.[19] The superior court ruled that because he was raising a *Grinols*[20] claim, his third application was not barred as successive. However, because it was filed outside of the one-year limitation for filings a *Grinols* claim, it was dismissed as untimely.[21] On July 19, 2023, the Alaska Court of Appeals affirmed the dismissal, noting Mr. Carney "did not assert facts in his pleadings that, if proved, would establish that he acted with due diligence in presenting his claim but was precluded from timely asserting his claim by a mental disease or defect."[22] Mr. Carney's Petition for Hearing was denied by the Alaska Supreme Court on September 29, 2023.[23] Mr. Carney then filed the two petitions in federal court.[24]

## II. Federal Habeas Relief

To respect federal-state dual sovereignty, the availability of federal habeas relief is narrowly circumscribed.[25] Federal courts "reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure

---

[19] *In the Matter of: Carney, Cress vs. State of Alaska CLR,* Case No. 3DI-19-00151CI (2019).

[20] *See Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003) (authorizing a criminal defendant to file a second post-conviction relief application challenging the effectiveness of their attorney in their first post-conviction relief proceeding).

[21] *See Carney v. State*, Case No. A-13932, 2023 WL 4611647, at *1 (Alaska Ct. App. 2023).

[22] *Carney v. State,* Case No. A-13932, 2023 WL 4611647 (Alaska Ct. App. 2023).

[23] *Carney v. State,* Case No. S-18811 (2023).

[24] Docket 1.

[25] *Shinn v. Ramirez*, 212 L. Ed. 2d 713 (2022).

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 4 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 4 of 10

that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."[26] Before a federal court reaches the merits of a habeas claim arising from state criminal proceedings, it must consider certain preliminary issues, such as the exhaustion requirement and the procedural default doctrine. Together, the exhaustion requirement and the procedural default doctrine promote federal-state comity by affording States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights," and by protecting against "the significant harm to the States that results from the failure of federal courts to respect" state procedural rules.[27]

A state prisoner must properly pursue his federal claims through one complete round of the state's established direct appeal process or post-conviction proceedings before a federal court may consider an application for a writ of habeas corpus.[28] Direct appeals and post-conviction relief proceedings are distinct procedural vehicles used to challenge the constitutionality of a defendant's conviction or sentence. A criminal defendant "need not forgo one in order to pursue the other, and many, if not most, defendants pursue both. Indeed, in many

---

[26] *Martinez v. Ryan,* 566 U.S. 1, 9 (2012).

[27] *Coleman,* 501 U.S. at 750.

[28] 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 5 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 5 of 10

circumstances, a defendant *must* pursue both to preserve all of their claims for federal habeas corpus review."[29]

In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review.[30] Except in limited circumstances, federal constitutional claims must first be presented to the Alaska Superior Court.[31] If the petitioner disagrees with the result, the claim must then be presented to the Alaska Court of Appeals.[32] If a petitioner receives an adverse final decision[33] from the appellate court, each claim must then be raised in a petition for hearing to the Alaska Supreme Court.[34] Although the Supreme Court has complete discretion whether

---

[29] *Mack v. State,* 523 P.3d 1235, 1251 (Alaska Ct. App. 2023).

[30] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[31] *See* Alaska Stat. § 12.72.010(4) (allowing post-conviction relief claims based on material facts not previously presented and heard); AS 12.72.010(9) (ineffective assistance of counsel claims may be raised in post-conviction relief proceedings); *Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska Ct. App. 1984) (holding that, because the trial record is ordinarily insufficient to allow an appellate court to resolve an ineffective assistance of counsel claim on direct appeal, ineffective assistance claims will generally only be addressed on appeal when the claims have been litigated in a new trial motion or in an application for post-conviction relief); *Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003) (authorizing a criminal defendant to file a second post-conviction relief application challenging the effectiveness of their attorney in their first post-conviction relief proceeding).

[32] Alaska Stat.§ 22.07.020(d).

[33] Alaska Stat. § 22.05.010 (d) (in this subsection, "final decision" means a decision or order, other than a dismissal by consent of all parties, that closes a matter in the court of appeals).

[34] *See* Alaska Stat. §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301-05.

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 6 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 6 of 10

to grant or deny the petition for hearing — *i.e.,* whether to hear the petitioned case on the merits[35] — the state court process is exhausted only after a petition for hearing has presented to, and ruled upon, by the Alaska Supreme Court.[36]

Mr. Carney has now exhausted his state court remedies with respect to his post-conviction relief claims. The Alaska Superior Court could have accepted the late-filed application and considered the application on the merits, but it instead elected to apply the state's procedural rule against Mr. Carney by dismissing the application as untimely.[37] The Court of Appeals affirmed the dismissal on that same basis, noting that Mr. Carney "did not explain what steps he took in preparing his third application for relief or why he was able to timely file his first and second applications but unable to timely file his third application."[38] The Alaska Supreme Court then denied his Petition for Hearing.[39]

As a result, Mr. Carney has been procedurally defaulted from pursuing his federal claims in state court pursuant to an independent and adequate state

---

[35] Alaska R. App. P. 304 ("granting of a petition for hearing is not a matter of right but is within the discretion of the court of discretionary review"). *See also Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska App. 1997) (discussing the distinction between the right to appeal and the right to petition).

[36] *See* Alaska Stat. § 22.07.030 (providing that "[a] party may apply to the supreme court for review of a final decision of the court of appeals"); Alaska R. App. P. 302(a)(1) (providing that "[a] petition for hearing may be filed in the supreme court with respect to any final decision of the court of appeals").

[37] Docket 1-1.

[38] *Carney v. State,* Case No. A-13932, 2023 WL 4611647 at *1 (Alaska Ct. App. 2023).

[39] *Lee v. State*, Supreme Court Case No. S-18648, Order (April 28, 2023); *See also In the Matter of: Lee, Frank vs. State of Alaska,* Case No. 1JU-18-00941CI, Docket 05/01/2023 (Notice of Return of Jurisdiction from Supreme Court).

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 7 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 7 of 10

procedural rule. In the case of a procedural default such as this, federal habeas review of the claims is barred unless a petitioner can demonstrate (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence.[40]

### (1) Cause and Actual Prejudice

To satisfy the "cause" prong of the cause and prejudice standard, a petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule.[41] To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[42]

Mr. Carney has not made the requisite showing to excuse his procedural default in missing the state filing deadline. The Alaska Court of Appeals agreed with the Superior Court that Mr. Carney failed to establish any grounds for excusing his failure to file a timely application. The Court agrees that Mr. Carney has failed to demonstrate good cause to excuse his late filing with the Alaska Superior Court, and therefore, does not address the actual prejudice prong.

---

[40] 28 U.S.C. § 2254(c)(2)(B); *Martinez v. Ryan,* 566 U.S. 1 (2012); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

[41] *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[42] *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 8 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 8 of 10

### (2) Miscarriage of Justice/Actual Innocence

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt."[43] Significantly, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."[44] A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."[45] Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected."[46]

Mr. Carney does not assert his actual innocent or provide any new reliable evidence to support such a claim. Instead, he alleges his confession was coerced, certain evidence should have been suppressed, and the jury should have considered manslaughter as a lesser included offense. He makes no showing that the failure to consider his defaulted claims will result in a fundamental miscarriage of justice.

---

[43] *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (emphasis in original).

[44] *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (explaining the significance of an "[u]nexplained delay in presenting new evidence").

[45] *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327)).

[46] *Shumway v. Payne*, 223 F.3d 982, 990 (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 9 of 10
Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 9 of 10

In conclusion, because Mr. Carney has not demonstrated cause to excuse the default or actual innocence, he is barred from pursuing his claims under Section 2254 in federal court pursuant to the procedural default doctrine.[47]

**IT IS THEREFORE ORDERED**:

1. The Petitions in the above-captioned cases are **DISMISSED.**

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter a Final Judgment and terminate each action.

4. A Certificate of Appealability shall not issue.[48]

DATED this 4th day of March, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[47] *Gray v. Netherland,* 518 U.S. 152, 162 (1996)

[48] 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted)). Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

Case No. 3:24-cv-00024-SLG, *Carney v. State of Alaska*
Case No. 3:24-cv-00025-SLG, *Carney v. State of Alaska*
Order of Dismissal
Page 10 of 10

Case 3:24-cv-00024-SLG   Document 6   Filed 03/04/24   Page 10 of 10